IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LAMAR PATRICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv583-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on James Lamar Patrick ("Patrick")'s motion for relief from judgment under Fed.R.Civ.P. 60(b)(1), (4) & (6).  For the reasons now discussed, the court finds this motion should be dismissed.

## I.  BACKGROUND

On March 17, 2010, Patrick pled guilty under a plea agreement to conspiracy to possess with intent to distribute crack cocaine and attempted distribution of crack cocaine. After a sentencing hearing on June 2, 2010, the district court sentenced Patrick to 200 months in prison for each count of conviction, the terms to run concurrently.

Patrick filed a *pro se* notice of appeal alleging ineffective assistance of counsel against his trial counsel.  His case was docketed by the Eleventh Circuit, and the district court appointed new counsel to represent him on appeal.  After consulting with his appellate counsel, Patrick moved to dismiss his appeal voluntarily, and the Eleventh Circuit granted his motion to dismiss on October 14, 2010.

On May 18, 2011, Patrick, proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 asserting the following claims:

1.     His guilty plea was involuntary because his trial counsel erroneously promised him he would receive a sentence of not over 15 years in prison if he pled guilty.

2.     His trial counsel rendered ineffective of counsel by failing to adequately consult with him about his right to appeal.

3.     His trial counsel rendered ineffective assistance of counsel by failing to object to the presentence report's application of additional relevant conduct based on alleged drug buys by a confidential informant.

4.     The Government breached the plea agreement by failing to recommend that he receive drug rehabilitation.

*See* Civil Action No. 11cv389-WHA, Doc. Nos. 1 & 2.

On May 21, 2013, the magistrate judge entered a recommendation finding that Patrick's § 2255 motion should be denied without an evidentiary hearing because his claims lacked merit and did not entitle him to any relief. *Id*., Doc. No. 16.  On June 27, 2013, the district court adopted the magistrate judge's recommendation and entered a judgment denying Patrick's § 2255 motion. *Id*., Doc. Nos. 18 & 19.  On April 15, 2014, the Eleventh Circuit denied Patrick's motion for a certificate of appealability.  *Id*., Doc. 26.

On May 29, 2014, Patrick filed the instant motion seeking relief under  Fed.R.Civ.P. 60(b)(1), (4) & (6).  Civil Action No. 14cv583-WHA, Doc. No. 2.  He argues there were "defects in the integrity" of this court's proceedings on his § 2255 motion because (1) the court did not hold an evidentiary hearing on his claim that his trial counsel erroneously

2

promised him he would receive a sentence of not over 15 years in prison if he pled guilty;

(2) the court improperly credited his former counsel's affidavit "more heavily" than the

allegations in the § 2255 motion; and (3) the court failed to "address [his] constitutional

claim under *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1999)." *Id*. at 4-9.

## II.  DISCUSSION

In his motion under Fed.R.Civ.P. 60(b)(1), (4) & (6),[1] Patrick alleges "defects in the

integrity" of this court's proceedings on his § 2255 motion.  Motions under Rule 60(b)

properly may attack "some defect in the integrity of the federal habeas proceedings."

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  This includes an "assert[ion] that a previous

ruling which precluded a merits determination was in error – for example, a denial for such

reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Id*. at 532

n.4.  In contrast, arguments "attack[ing] the federal court's previous resolution of a claim

*on the merits*" or "present[ing] new claims for relief from [the underlying] judgment of

conviction" are beyond the scope of Rule 60(b) and can be brought only in a successive

---

[1] Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: mistake, inadvertence, surprise, or excusable neglect, Fed.R.Civ.P. 60(b)(1); newly-discovered evidence that, by due diligence, could not have been discovered in time to move for a new trial, Fed.R.Civ.P. 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Fed.R.Civ.P. 60(b)(3); the judgment is void, Fed.R.Civ.P. 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed.R.Civ.P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed.R.Civ.P. 60(b)(6).

habeas petition. *Id*. at 531-32 (emphasis in original).[2]

Patrick's first alleged "defect in the integrity" of this court's proceedings on his § 2255 motion is this court's failure to hold an evidentiary hearing when ruling on his claim that his trial counsel erroneously promised him he would receive a sentence of not over 15 years in prison if he pled guilty. Doc. No. 2 at 4-5. However, the court's failure to conduct an evidentiary hearing on this claim constitutes no defect in the integrity of the § 2255 proceedings; rather, in presenting such an argument, Patrick is merely asking "for a second chance to have the merits [of his § 2255 claim] determined favorably," *Gonzalez*, 545 U.S. at 532 n.5, which is the very sort of attack on "the federal court's previous resolution of a claim on the merits," *id*. at 532 (emphasis omitted), that *Gonzalez* characterized as a "claim" outside the scope of Rule 60(b). *See United States v. Washington*, 653 F.3d 1057, 1064 (9th Cir. 2011). The magistrate judge's recommendation, which was adopted by the district court, fully discussed this claim and made a "merits determination" in finding it did not entitle Patrick to any relief.[3] *See* Civil Action No. 11cv389-WHA, Doc. No. 16 at 5-8; *id*., Doc. No. 18. Patrick now seeks another opportunity to air the arguments that failed in his

---

[2] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 Fed. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 Fed. App'x 849 (11th Cir. 2005).

[3] The recommendation considered the claim both in terms of the voluntariness of Patrick's guilty plea and whether trial counsel had rendered ineffective assistance.

§ 2255 motion.  However, because the gist of his assertions go to the merits of his guilty-plea conviction, his Rule 60(b) claim is, in fact, a § 2255 claim in disguise.  *Washington*, 653 F.3d at 1065.

Likewise, Patrick's second alleged "defect in the integrity" of the § 2255 proceedings – that this court improperly credited his former counsel's affidavit "more heavily" than the allegations in his § 2255 motion (Doc. No. 2 at 6-7) – is nothing more than an attempt to relitigate a claim resolved on the merits in this court's ruling on the § 2255 motion.  In making this argument in his Rule 60(b) motion, Patrick takes issue with this court's findings of facts and application of the law that resulted in a merits determination he was not entitled to relief on his claim that his guilty plea should be set aside because his trial counsel allegedly promised him he would receive a sentence of not over 15 years.  A Rule 60(b) motion may not be used to attack the court's resolution of a claim on the merits. *Gonzalez*, 545 U.S. at 531-32.  Patrick's Rule 60(b) claim here is, like the previous claim, merely a § 2255 claim under another name.

Patrick's third alleged defect in the integrity of the § 2255 proceedings is this court's failure to "address [his] constitutional claim under *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1999)."  Doc. No. 2 at 8-9.  A careful reading of this allegation in his Rule 60(b) motion reveals that it is yet another attempt by Patrick to reframe his claim that his guilty plea should be set aside because his trial counsel allegedly promised him he would receive a sentence of not over 15 years.  As indicated above, that claim was fully discussed in the

magistrate judge's recommendation adopted by the district court. This court resolved the claim on the merits, finding Patrick had failed to demonstrate that his guilty plea was involuntary or that his counsel rendered ineffective assistance by inducing him to plead guilty based on erroneous promises about his sentence.[4]  *See* Civil Action No. 11cv389-WHA, Doc. No. 16 at 5-8. Once more, Patrick's Rule 60(b) claim is a § 2255 claim in disguise.

For the reasons stated above, this court finds Patrick's motion for relief under Fed.R.Civ.P. 60(b)(1), (4) & (6) constitutes an attempt to relitigate a claim addressed on the merits in the proceedings on his § 2255 motion. Attacks on the previous resolution of a habeas claim on the merits or presenting new claims challenging the underlying judgment of conviction are not properly brought in motions under Rule 60(b). *Gonzalez*, 545 U.S. at 531-32. When a *pro se* petitioner brings a motion under Rule 60 or some other rubric, the district court may, where appropriate, construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams v. Chatman*, 510 F.3d 1290, 1293-95 (11th Cir. 2007). If construed as an unauthorized second or successive § 2255 motion, the district court lacks subject matter jurisdiction. *Id*. at 1295. Because Patrick's

---

[4] Despite his present assertion that this court neglected to address his "constitutional claim under *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1999)," Patrick's § 2255 motion made no reference to *Coulter*. Based on his argument in his Rule 60(b) motion and the page in *Coulter* he cites to, this court presumes he is contending that the court, in denying his § 2255 motion, did not specifically find he did not plead guilty due to the allegedly deficient performance of his counsel. His argument lacks merit, though, because this court expressly found he failed to demonstrate his guilty plea was involuntary or that his counsel induced him to plead guilty based on erroneous promises about his sentence. *See* Civil Action No. 11cv389-WHA, Doc. No. 16 at 8.

6

present claims are attempts to relitigate a claim addressed on the merits in the first § 2255 proceedings, his instant motion, despite its labeling, constitutes a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Patrick has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Patrick's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## III.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 2) be DISMISSED, because

Patrick has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 20, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 6th day of October, 2014.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE